EMPIRE STATE ICE COMPANY, INC., Respondent, *v.*
ROCHESTER AND LAKE ONTARIO WATER SERVICE
CORPORATION, Appellant.

Argued March 19, 1937; decided April 27, 1937.

*Clarence P. Moser* and *Lathrop D. Marsland* for appellant. The plaintiff was a trespasser upon the defendant's easement. The only duty which the defendant owed was to refrain from inflicting wanton or willful injury or from knowingly creating a hidden danger. The defendant did not fail in that duty. (*Mendelowitz* v. *Neisner,* 258 N. Y. 181; *Fox* v. *Warner-Quinlan Asphalt Co.,* 204 N. Y. 240; *Sterger* v. *Van Sicklen,* 132 N. Y. 499; *Cusick* v. *Adams,* 115 N. Y. 55; *Greenwood Lake & Port Jervis R. R. Co.* v. *N. Y. & Greenwood Lake R. R. Co.,* 134 N. Y. 435; *Nellis* v. *Munson,* 108 N. Y. 453; *O'Neill* v. *O'Hare,* 254 N. Y. 186.) There was no evidence from which the jury could find that the defendant was negligent. (*Lebright* v. *Gentzlinger,* 232 App. Div. 274; *Magid* v. *City of New York,* 234 App. Div. 38; 259 N. Y. 618; *Cunningham* v. *Dady,* 191 N. Y. 152; *Murray* v. *Great Atlantic & Pacific Tea Co.,* 236 App. Div. 477.)

*Charles S. Wilcox* for respondent. The relationship was not that of owner and licensee. Appellant's conduct went beyond mere passive negligence. (*Ferrari* v. *N. Y. Central R. R. Co.,* 224 App. Div. 182; 250 N. Y. 527; *Buell* v. *Utica G. & E. Corp.,* 259 N. Y. 443; *Fritcher* v. *Anthony,* 20 Hun, 495; *Wittleder* v. *Citizens' El. Ill. Co.,* 50 App. Div. 478; *Skzypek* v. *Long Island R. R.,* 245 App. Div. 309; *Ehret* v. *Village of Scarsdale,* 269 N. Y. 198; *Beck* v. *Carter,* 68 N. Y. 283; *Constantino* v. *Watson Contracting Co.,* 219 N. Y. 443.) The defendant was negligent in laying the pipe and in failing to inspect it. (*Silverberg* v. *City of New York,* 59 Misc. Rep. 492; *Armbruster* v. *Auburn Gas Light Co.,* 18 App. Div. 447; 162 N. Y. 655; *Haas* v. *City of New York,* 107 Misc. Rep. 427; 190 App. Div. 939; *Halligan* v. *Fitzpatrick,* 243 App. Div. 252.)

*Per Curiam.* We find in the record no evidence of negligence, even though the duty of the defendant is not to be measured as if the relationship between the parties were that of owner and licensee.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; HUBBS and RIPPEY, JJ., dissent.

Judgments reversed, etc.